IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **MEMORANDUM ORDER** |
| v. | ) | Case No.: 1:17cr00023 |
| | ) | |
| KURT POMRENKE, | ) | |
|     Defendant | ) | |

This matter is before the court on the motions to quash, (Docket Item Nos. 5, 7) (collectively, "Motions"), filed by the Judicial Inquiry and Review Commission of Virginia, ("Commission"), and the defendant, Kurt Pomrenke, ("Pomrenke"). The Motions were heard before the undersigned on August 31, 2017. Based on the below-stated reasons, the Motions will be **DENIED**.

The Motions seek to quash two subpoenas issued by the Government. One of these subpoenas was issued to the Commission for the pretrial production of "[a]ll documents and records submitted by Kurt J. Pomrenke or his counsel in the matter of: In Re: Judge Kurt J. Pomrenke, Inquiry No: 2016-0259." (Joint Exhibit No. 1.) The other is a witness subpoena that was issued to the custodian of records of the Commission to appear and testify at the September 13, 2017, trial. (Joint Exhibit No. 2.) At the hearing, counsel for the Government stated that the custodian of records was subpoenaed for the sole purpose of authenticating the records received by the Commission from the defendant.

1

Pomrenke is charged with criminal contempt based on allegations that he violated an order of this court entered in the criminal case of his wife, *United States v. Stacey Pomrenke*, No. 1:15cr00033. In particular, the Government alleges that Pomrenke violated a court order that allowed him to receive and review the discovery materials provided by the Government to his wife's counsel. This order, entered by United States District Judge James P. Jones on December 1, 2015, stated in pertinent part:

> The defendant and/or her spouse must not disclose or disseminate the materials to any other person, nor reveal or discuss them with any other person, other than defense counsel…. The defendant and her spouse are prohibited from making or allowing copying of the materials, including without limitation, paper copies of the discovery materials.

(Case No. 1:15cr00033, Docket Item No. 33.) The Government alleges that Pomrenke violated the terms of this order when he discussed these discovery materials in a letter to the Commission and provided the Commission with a copy of a document provided in these discovery materials.

The Commission and the defendant argue that the Motions should be granted and the subpoenas quashed because the records of the Commission are privileged under state law. *See* VIRGINIA CODE ANNOTATED 17.1-913, -914 (2015 Repl. Vol.). Under the Federal Rules of Evidence, federal law controls a claim of privilege in a federal criminal case. *See* FED. R. EVID. 501. The parties here agree that, assuming that the Commission's records are privileged, this court must balance the policy considerations underlying the state privilege against the interest in the enforcement of federal criminal law. *See United States v. Gillock,* 445 U.S. 360, 373 (1980); *United States v. Cartledge*, 928 F.2d 93, 95-96 (4th Cir. 1991). The important

policy considerations underlying the need to protect the confidentiality of the Commission's investigations and proceedings have been recognized by the United States Supreme Court, and, for the sake of brevity, will not be repeated here. *See Landmark Commc'ns Inc. v. Comm. of Virginia*, 435 U.S. 829, 835-36 (1978). Nonetheless, the court is of the opinion these important interests must yield to the federal government's interest in enforcing federal criminal law in this case.

The facts of this case support this finding. The Commission's investigation of and proceedings against the defendant are no longer confidential, but rather became public knowledge with the Commission's filing of a complaint against the defendant with the Virginia Supreme Court seeking his retirement, censure or removal from judicial office. Also, the Government's subpoena requesting documents is narrowly drawn to seek only those documents necessary to prove the charge against the defendant. It does not seek any documents provided by the original complainant; nor does it seek any documents regarding the Commission's investigation or deliberative process. It seeks only those documents provided by the defendant to the Commission. Furthermore, the Government has agreed that the custodian of records is being subpoenaed to testify for the sole purpose of authenticating documents provided to the Commission by the defendant.

The Supreme Court's decision in *Gillock* also supports the court's finding. In *Gillock,* the Court denied a request to recognize a Tennessee constitutionally established legislative privilege to prevent the introduction of the legislative acts of a defendant charged with public corruption. *See* 445 U.S. 360. In so holding, the Court recognized that it previously had held that a claim of presidential executive privilege was found wanting when balanced against the need "to secure all relevant evidence in a criminal proceeding." *Gillock*, 445 U.S. at 373 (citing *United States*

*v. Nixon*, 418 U.S. 683 (1974)).

Furthermore, evidentiary privileges are not favored. "Whatever their origins, these exceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for the truth." *Nixon*, 418 U.S. at 710. "The law will sustain a claim of privilege only when absolutely necessary to protect and preserve an interest of significant public importance that the asserted privilege is designed to serve." *Spell v. McDaniel*, 591 F.Supp. 1090, 1116 (E.D. N.C. 1984) (citing *United States v. Mandel*, 415 F.Supp. 1025 (D. Md. 1976)).

For the above-stated reasons, the Motions are **DENIED.**

To protect the confidential nature of any Commission documents not made public in its filing with the Virginia Supreme Court, the court **ORDERS** that the Commission documents provided pursuant to subpoena will be placed on file in the Clerk's Office **UNDER SEAL to be available for review by counsel in the case.**

It is **SO ORDERED**.

**ENTERED:** August 31, 2017.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE